IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RAFAEL BOLIVAR, Individually and on Behalf of All Others Similarly Situated** | | **PLAINTIFF** |
| vs. | No. 1:20-cv-3741 | |
| **ACG CAR CARE, LLC, and THE AUTO CLUB GROUP** | | **DEFENDANTS** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Rafael Bolivar ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants ACG Car Care, LLC, and The Auto Club Group (collectively "Defendant" or "Defendants"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all other Service Technicians employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other Service

Technicians lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and IMWL as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the IMWL form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged herein; accordingly, this Court has supplemental jurisdiction over the IMWL claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to the wage violations herein reside in this District.

9. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

10. Plaintiff is a resident and citizen of Lake County.

11. Defendant ACG Car Care, LLC ("ACG Car Care"), is a foreign limited liability company, registered to do business in Illinois.

12. ACG Car Care's registered agent for service is C T Corporation System, at 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.

13. Defendant The Auto Club Group ("Auto Club Group") is a foreign, non-profit corporation registered to do business in Illinois.

14. Auto Club Group's registered agent for service in Illinois is C T Corporation System at 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

17. Upon information and belief, the revenue generated from ACG Car Care and Auto Club Group was merged and managed in a unified manner.

18. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise

19. Defendants are an "employer" within the meanings set forth in the FLSA and IMWL, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

20. Defendants provide insurance and financial services to its members, as well as auto repair services.

21. Defendant operates in several states, including Illinois.

22. During the period relevant to this lawsuit, Plaintiff worked at Defendant's repair, insurance, and travel facility in Vernon Hills.

23. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

24. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

25. Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

26. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and IMWL.

27. Specifically, Plaintiff was employed by Defendant as a Service Technician from April of 2019 until April of 2020.

28. Defendant employed other individuals as Service Technicians as well.

29. As a Service Technician, Defendant's primary duties included automotive maintenance and repair.

30. Other Service Technicians had the same or substantially similar job duties as Plaintiff.

31. As a Service Technician, Plaintiff was paid hourly and was eligible for annual, non-discretionary bonuses.

32. Other Service Technicians were also paid hourly and were eligible for annual, non-discretionary bonuses.

33. Plaintiff regularly worked in excess of forty (40) hours per week throughout his tenure with Defendant.

34. Upon information and belief, other Service Technicians also regularly worked in excess of forty (40) hours per week.

35. Defendant paid Plaintiff and other Service Technicians one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

36. However, Defendant did not include the bonuses that were paid to Plaintiff and other Service Technicians in their regular rates when calculating their overtime pay.

37. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

38. Defendant violated the FLSA and IMWL by not including all forms of compensation, such the non-discretionary bonuses paid to Plaintiff and other Service Technicians, in their regular rate when calculating their overtime pay.

39. Defendant's pay practices were the same for all Service Technicians who received bonuses.

40. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

41. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Service Technicians violated the FLSA and IMWL.

## V. REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

43. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Plaintiff brings his FLSA claims on behalf of all Service Technicians employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

   A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

   B. Liquidated damages; and

   C. Attorneys' fees and costs.

45. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

   B. They were paid hourly rates;

C.  They received non-discretionary bonuses;

D.  They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week; and

E.  They had the same or substantially similar job duties and responsibilities.

47. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifty (50) persons.

48. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

51. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

52. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in his regular rates when calculating his overtime pay.

53. Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

54. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

56. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of FLSA)

61. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

62. Plaintiff brings this collective action on behalf of all Service Technicians employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

63. Plaintiff brings this action on behalf of himself individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

64. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

65. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as non-discretionary bonuses paid to Plaintiff and those similarly situated, in their regular rate when calculating their overtime pay.

66. In the past three years, Defendant has employed at least fifty (50) Service Technicians.

67. Like Plaintiff, these Service Technicians regularly worked more than forty (40) hours in a week.

68. Defendant failed to pay these workers at the proper overtime rate.

69. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**Service Technicians in the past three years who earned a bonus in connection with work performed any week in which they worked over forty hours.**

70. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

71. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the IMWL)

73. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

74. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

75. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

76. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

77. Defendant failed to pay Plaintiff all overtime wages owed, as required under the IMWL.

78. Defendant's failure to include bonuses when calculating Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

79. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

80. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

81. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Rafael Bolivar respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C.  A declaratory judgment that Defendant's practices violate the IMWL;

D.  Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.  Judgment for damages for all unpaid overtime compensation under the IMWL;

G.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

H.  Judgment for liquidated damages pursuant to the IMWL;

I.  An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF RAFAEL BOLIVAR,
Individually and on Behalf of All
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com